UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JERMAINE ANDERSON                    CIVIL ACTION NO. 24-cv-1520

VERSUS                               JUDGE S. MAURICE HICKS, JR.

WOODREAL ESTATES 506, LLC, ET AL     MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Jermaine Anderson ("Plaintiff"), who is self-represented, filed this civil action against Lionel Dawson Jr., Michael Laffitte, Joshua Gay, Tankeya Lewis, and others. Plaintiff alleges that the defendants defrauded him and that he is entitled to damages in the amount of $4,000. For the reasons that follow, it is recommended that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

**Analysis**

**A. Introduction**

Plaintiff was granted leave to proceed in forma pauperis in this action. The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." Id. There is a presumption that a suit lies outside that limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. A review of the record indicates that neither of those grounds for jurisdiction exists in this case.

**B. Diversity Jurisdiction**

The court may hear state law claims if it has diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

Plaintiff indicated on his complaint that the basis for subject matter jurisdiction is federal question, but the court will address diversity of citizenship out of an abundance of caution. Plaintiff lists an address for himself in Louisiana, and at least four of the named defendants are listed as having Louisiana addresses. Accordingly, there is no indication of complete diversity of citizenship in this case. Diversity jurisdiction also requires an

Case 5:24-cv-01520-SMH-MLH    Document 4    Filed 11/08/24    Page 3 of 5 PageID #:  13

amount in controversy in excess of $75,000, and Plaintiff has asked for only $4,000.  There is no basis for the exercise of diversity jurisdiction in this case.

### C. Federal Question

Another common basis for jurisdiction in civil cases is federal question jurisdiction pursuant to 28 U.S.C. § 1331.  The well-pleaded complaint rule determines whether a federal claim is presented in the complaint sufficient to give rise to subject-matter jurisdiction.  "Generally, under section 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law."  Carpenter v. Wichita Falls ISD, 44 F.3d 362, 366 (5th Cir. 1995).   There is no federal jurisdiction if the plaintiff pleads only state law causes of action.  Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008).

 Plaintiff checked a box on the form complaint to indicate that the basis for federal court jurisdiction is federal question.  The form then asked him to list the specific federal statutes or provisions of the constitution that are at issue.   Plaintiff wrote: "money laundering wire fraud, white collar crimes."  The form also asked him to write a short and plain statement of the facts supporting his claim.  He wrote that the four individuals listed above as defendants, as well as Abraham Knopfler "was operating under a fraud scam ownership.  2022 – March, 2023: defrauding me Covid 19, money."  These are the only facts alleged in the complaint.

Fraud is a state law tort-type claim, and there is no general federal law basis for a civil fraud claim between private parties.  Plaintiff's claims necessarily arise under state

law rather than federal law, and nothing in the complaint suggests any substantial, disputed question of federal law.

Plaintiff's references to money laundering and wire fraud are not necessarily federal in nature, and even an allegation that a federal criminal statute was violated does not necessarily give rise to a federal civil action. Federal criminal statutes may be enforced by government prosecutors, but they do not give rise to a private right of action enforceable by a private individual unless there is a statutory basis for inferring that a civil action of some sort is created by the statute. Thomas v. Abebe, 833 Fed. Appx. 551, 555 (5th Cir. 2020). Thus, there is no jurisdiction for a federal court to preside over a suit between private parties when the only federal law allegedly violated is criminal. Sierra v. Dallas County D.A.'s Office, 2023 WL 7285930, *4 (N.D. Tex. 2023); Calhoun v. Winn, 2023 WL 11108635, *2 (W.D. La. 2023). Plaintiff has not cited any particular federal statutory provisions that might provide him a civil cause of action. He has not met his burden of pleading a colorable federal law cause of action that would support subject matter jurisdiction.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of November, 2024.

Mark L. Hornsby
U.S. Magistrate Judge